**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,        § | | |
|     Plaintiff/Respondent,        § | | |
| § | | |
| v.        § | | CR. No. C-10-699 |
| § | | (C.A. No. C-11-92) |
| MANUEL YANEZ-SAUCEDO,        § | | |
|     Defendant/Movant.        § | | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255  AND ORDER DENYING
CERTIFICATE OF APPEALABILITY**

On April 1, 2011, the Clerk's office received a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 from Defendant Manuel Yanez-Saucedo ("Yanez-Saucedo"). D.E. 27. The government filed a combined response and motion to dismiss. D.E. 30, 31. Yanez-Saucedo did not file a reply.

The Court DENIES Yanez-Saucedo's § 2255  motion (D.E. 27) because the claims raised do not entitle him to relief and DENIES Yanez-Saucedo a Certificate of Appealability.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.  BACKGROUND

**A.    Criminal Offense**

Yanez-Saucedo was found near Falfurrias, Texas, north of the Falfurrias, Texas Border checkpoint. D.E. 1. When questioned by Border Patrol agents, Yanez-Saucedo admitted that he was illegally present in the United States. He was previously deported in 2009. Id. Yanez-Saucedo was arrested and charged with Illegal Reentry. D.E. 10.

1

**B.     Criminal Proceedings**

Yanez-Saucedo was appointed counsel the day after his arrest in June 2010. D.E. 2, 5. He pled guilty on August 16, 2010, with a plea agreement, to the charge of Illegal Reentry. D.E. 15. His plea agreement did not include waivers of Yanez-Saucedo's rights to file an appeal or motion pursuant to § 2255. D.E. 15.

A Presentence Investigation Report (PSR) was prepared. D.E. 22.  Yanez-Saucedo had a previous criminal conviction in Florida for Assault with a Deadly Weapon. Id at ¶ 4.

The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Yanez-Saucedo's Florida Assault conviction, a crime of violence, increased his base offense level by 16 points and also added 2 points to his criminal history. Id. at ¶¶ 11, 21. Yanez-Saucedo's total offense level was calculated to be 21, after credit for acceptance of responsibility. Id. at ¶¶ 17, 20. He had 2 criminal history points resulting in application of criminal history Category II. Id. at ¶ 23. The Guideline range of imprisonment was calculated to be 41-51 months. Id. at ¶ 36. Counsel filed objections to the PSR. D.E. 21. The government did not file transcripts of sentencing or rearraignment.

This Court sentenced Yanez-Saucedo to 41 months in the Bureau of Prisons, 2 years supervised release, no fine and a $100 special assessment on December 22, 2010. Minute Entry of December 22, 2010. Judgment was entered on January 3, 2011. D.E. 25. Judgment was signed and entered on the docket on March 15, 2010. D.E. 29. Three months after sentencing, Yanez-Saucedo filed his motion to vacate. D.E. 27.

### III.  MOVANT'S ALLEGATIONS

Yanez-Saucedo raises several issues, all complaining that this Court committed significant procedural errors during sentencing. Additionally, Yanez-Saucedo claims that he never had help from his attorney to file an appeal and that his lawyer told him that he was going to appeal, but did not. D.E. 27.

### IV.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Claims of Sentencing Error**

Yanez-Saucedo brings multiple claims of sentencing error. He asserts that this Court treated the Guidelines as mandatory, refused to consider sentencing disparities, erred in assessing high criminal history points for the current offense, failed to consider the 3553(a) factors, and failed to consider the Supreme Court's holding in Gall v. United States.

It is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. United States v. Williamson, 183 F.3d 458, 462 (5th Cir.

1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." Id.; United States v. Seyfort, 67 F.3d 544, 546 (5th Cir. 1995). Accordingly, Yanez-Saucedo's claim that this Court erred at sentencing is not cognizable under § 2255 and thus entitles him to no relief.

C.     **Claim That Counsel Did Not Assist Yanez-Saucedo in Filing an Appeal**

Yanez-Saucedo does not include counsel's failure to file a notice appeal as one of his grounds of relief, but raises the issue in the portions of the form asking why he did not appeal. He does not claim that he requested that counsel file a notice of appeal within the time to do so.

This Court ordered Yanez-Saucedo to furnish additional details if he intended to bring a claim that counsel was ineffective because he failed to file a notice of appeal. D.E. 28. Yanez-Saucedo has not filed anything with the Court in response to that Order. Accordingly, this Court finds that Yanez-Saucedo has waived any such claim.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Yanez-Saucedo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires

an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Yanez-Saucedo is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

### VI.  CONCLUSION

For the foregoing reasons, Yanez-Saucedo's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 27) is **DENIED** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 7th day of November, 2011.

*[signature: John D. Rainey]*
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

5